# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

JOHN BUENAVENTURA,

        Petitioner,

vs.

JERRY BURT,

        Respondent.

No. 07-CV-34-LRR

**ORDER**

_____

## *I. INTRODUCTION*

The matter before the court is Petitioner John Buenaventura's Objections (docket no. 20) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 19). In the Report and Recommendation, Judge Scoles recommends that the court deny Buenaventura's "Petition Under 28 U.S.C. [§] 2254 for Writ of Habeas Corpus by a Person in State Custody" ("Motion") (docket no. 5). Judge Scoles also recommends that the court decline to grant a certificate of appealability.

## *II. STANDARD OF REVIEW*

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. . . .

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (making clear that, where a proper objection is made, the district court must determine de novo a magistrate judge's recommendation on a dispositive motion). The Eighth Circuit Court of Appeals has

repeatedly held that it is reversible error for the district court to fail to conduct a de novo review of a magistrate judge's report where such review is required. *See, e.g., United States v. Lothridge*, 324 F.3d 599, 601 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). However, the plain language of the statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Therefore, portions of the proposed findings or recommendations to which no objections were filed are reviewed only for "plain error." *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed).

### III. ANALYSIS

#### A. Findings of Fact

Buenaventura does not object to Judge Scoles's findings of fact. Therefore, the court reviews the Report and Recommendation's findings of fact for plain error. *Id.* The court finds no such plain error. Accordingly, the court adopts Judge Scoles's findings of fact.

#### B. Conclusions of Law

Buenaventura lodges five objections to Judge Scoles's conclusions of law.[1] After a thorough review of the record, the court finds that all of the Objections should be overruled. With respect to the conclusions of law that Buenaventura did not object to, the court reviewed them and adopts the Report and Recommendation without making any changes.

---

[1] The court deems it appropriate to address the Objections in the order that Buenaventura stated them.

### 1. First Objection: premeditation finding

Buenaventura objects to the "determination that there was sufficient evidence for [the] jury to find premeditation." Objections at 1. The Iowa Supreme Court found that sufficient evidence supported the jury's finding of premeditation. Specifically, the Iowa Supreme Court relied on three facts: (1) Buenaventura's volatile relationship with the victim; (2) the testimony of Buenaventura's neighbors, who heard screaming and yelling for two to three minutes; and (3) the nature of the crime itself coupled with Buenaventura's actions subsequent to the victim's death. *State v. Buenaventura*, 660 N.W.2d 38, 48-49 (Iowa 2003)

The Iowa Supreme Court's analysis of this issue constitutes a "determination of the facts." 28 U.S.C. § 2254(d)(2). Accordingly, 28 U.S.C. § 2254(d)(2) sets forth the applicable standard. The court must not grant Buenaventura's petition "unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id*. The court agrees with Judge Scoles that "the Iowa Supreme Court's conclusion that there was sufficient evidence of premeditation to warrant submission of the first-degree murder charge was not an unreasonable determination of the facts." Report and Recommendation at 30 (applying the standard set forth by 28 U.S.C. § 2254(d)(2)). Accordingly, the court overrules Buenaventura's first Objection.

### 2. Second Objection: malice aforethought finding

Buenaventura objects to the "determination that there was sufficient evidence for a jury to find malice aforethought." Objections at 1. The Iowa Supreme Court found "ample evidence from which a jury could find that [Buenaventura] acted with a fixed purpose or design to do physical harm to [the victim]." Report and Recommendation at 31 (citing *Buenaventura*, 660 N.W.2d at 50). Specifically, the Iowa Supreme Court relied on two facts: (1) Buenaventura's "poor relationship" with the victim and (2) the violent

manner of the death. *Buenaventura*, 660 N.W.2d at 49-50. The court agrees with Judge Scoles's application of 28 U.S.C. § 2254(d)(2). The Iowa Supreme Court's determination that sufficient evidence supported a finding of malice aforethought was not an "unreasonable interpretation of the facts." 28 U.S.C. § 2254(d)(2). Accordingly, the court overrules Buenaventura's second Objection.

### 3. *Third Objection: corroboration of Buenaventura's statements*

Buenaventura objects to the "finding of [the Report and Recommendation] regarding the issue of whether there was enough evidence to corroborate Buenaventura's statements." Objections at 1. In other words, Buenaventura argues that the state's circumstantial evidence was not sufficient to corroborate his statements. This Objection is without merit. As noted by Judge Scoles, "In Iowa, 'direct and circumstantial evidence are equally probative.'" Report and Recommendation at 26 (citing *State v. McGuire*, 572 N.W.2d 545, 547 (Iowa 1997)). Accordingly, the court overrules Buenaventura's third Objection.

### 4. *Fourth Objection: Certificate of Appealability*

Buenaventura objects to the Report and Recommendation's conclusion that the undersigned should decline to grant a certificate of appealability. Buenaventura argues that "there is enough evidence and law to support . . . the standard that [a] reasonable jurist would find [the] district court's assessment of the constitutional claims debatable or wrong." Objections at 2. For the reasons stated in this Order and in the Report and Recommendation, the court disagrees. Accordingly, the court overrules Buenaventura's fourth Objection.

### 5. *Fifth Objection: trial Counsel's Ineffective Assistance*

Buenaventura objects to the Report and Recommendation's conclusion "that trial counsel's failure to investigate [the] rape kit and Rambo's letter did not fall below [a] standard of reasonableness and did not result in prejudice to defense." Objections at 2. The court finds that trial counsel's decision to avoid testing the rape kit and decision to

4

decline calling Rambo as a witness constituted a legitimate trial strategy, and, therefore, counsel's performance did not fall below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 681 (1984) (stating that, "when counsel's assumptions are reasonable given the totality of the circumstances and when counsel's strategy represents a reasonable choice based upon those assumptions, counsel need not investigate lines of defense that he has chosen not to employ at trial"). Accordingly, the court overrules Buenaventura's fifth Objection.

## IV. CONCLUSION

The court finds all Buenaventura's Objections are without merit. Accordingly, the Report and Recommendation (docket no. 19) is **ADOPTED**. The Motion (docket no. 5) is **DENIED**. The court does not believe that appellate review of Buenaventura's claim is warranted, and, therefore a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 23rd day of March, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA